Simon Kaplan v. Commissioner.
Kaplan v. Commissioner
Docket No. 22641.
United States Tax Court
1951 Tax Ct. Memo LEXIS 36; 10 T.C.M. (CCH) 1105; T.C.M. (RIA) 51337; November 23, 1951
*36 Bona fide partnership found to exist in year 1945 between petitioner, his wife, and two other persons. Nathaniel R. Kaplan, Esq., for the petitioner. Ralph V. Bradbury, Jr., Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in income tax for the calendar year 1945 in the sum of $3,178.19. The petitioner assigns as error the inclusion in his taxable income of his wife's distributable share of the profits of a partnership of which partnership both were members, together with two other persons. Findings of Fact During the year 1939 petitioner went to Florida from New York and engaged in business as a manufacturer of jam and jellies with one William Saul. Petitioner's investment in this business was in the approximate amount of $3,000, of which $700 represented moneys borrowed by petitioner from his wife, Anna Kaplan. In 1940 E. F. Todd was taken into the business and a corporation was organized under the name of Groveland Products Co., Inc. Each of the parties subscribed for ten shares in the corporation and ten shares of stock were issued each to the petitioner, Saul, and Todd, respectively, *37 representing all of the issued and outstanding shares in the corporation. The operations of the corporation were not profitable and in the fall of the year 1941, Todd and Saul asked the petitioner to either purchase their interest in the corporation or to get someone to purchase their interest. Petitioner's wife, Anna, persuaded her brother, Harry Friedman, to purchase the interest of Todd and Saul in the corporation, with the result that Friedman became a majority stockholder therein, owning 20 of the issued and outstanding 30 shares of stock. Friedman took an active part in the affairs and conduct of the business and from time to time advanced the corporation substantial sums of money. Petitioner and Friedman each drew a salary from the corporation of $100 per week during the years 1942 and 1943 for services rendered to the corporation. At the end of the year 1943, Friedman, in order to assure his sister, Anna, of an interest in the corporation and to protect her financially, proposed to the petitioner that he, Friedman, would make a gift to his sister of a 16 2/3 per cent interest in the corporation if petitioner would give his wife an 8 1/3 per cent interest in the corporation *38 so that petitioner's wife, Anna, would then own a 25 per cent interest in the corporation. Petitioner agreed to Friedman's proposal and thereafter transferred to his wife an 8 1/3 per cent interest in the corporation and Friedman transferred to Anna a 16 2/3 per cent interest in the corporation. Petitioner in making the transfer to his wife also intended to reimburse her for the loan of $700 she had made to him at the time the business was started in 1939. Petitioner and Friedman relied upon the advice of their lawyer and accountant to carry out the transfers of stock interest. The method used by the lawyer and accountant to give petitioner's wife a 25 per cent interest in the corporation was to have Friedman surrender 10 shares of his stock to the corporation and simultaneously therewith have petitioner transfer 5 of his 10 shares to his wife, Anna, thereby leaving petitioner's wife with five of the issued and outstanding shares of the corporation. A similar shift was made with respect to the issued and outstanding preferred stock of the corporation. At the same time Friedman's wife was given a 25 per cent interest in the stock of the corporation. Thereafter and on December 31, 1943, pursuant *39 to a duly authorized vote of the stockholders of Groveland Products Co., Inc., the corporation was dissolved and a partnership was organized. The stockholders in the corporation were given an interest in the partnership in direct proportion to their stock interest in the corporation. A written partnership agreement dated January 1, 1944, was entered into between petitioner, Harry Friedman, petitioner's wife, and Beatric Friedman, providing for the conduct of the business of the partnership and a division of the profits. This partnership agreement was duly recorded pursuant to the laws of the State of Florida. At or about this time all the assets of the corporation were turned over to the partnership and the partnership commenced operation on January 1, 1944, under the trade name of Groveland Products Company. Petitioner and Friedman each continued to receive $100 per week in remuneration for their services to the partnership, which was the same salary they had been receiving from the corporation for similar services. No profits were distributed by the partnership as the business needed the working capital, but each partner was credited on the books of the partnership with his share *40 of the earnings after the payment of the aforementioned salaries. Petitioner and his wife each filed income tax returns for the year 1945, separately reporting income credited to each by virtue of their partnership interest in Groveland Products Company. Opinion ARUNDELL, Judge: In , the Supreme Court has stated that the real test of the validity of a partnership is "whether, considering all the facts, * * * the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise." In this case, respondent seeks to tax to petitioner the one-quarter distributive share of the profits of the partnership known as Groveland Products Company which under the terms of the partnership agreement belonged to his wife, Anna. This we think he may not do. Anna's 25 per cent interest in the pre-existing corporation was received to the extent of 16 2/3 per cent from her brother, and the 8 1/3 per cent interest received from her husband, the petitioner, was, to a large extent, in recognition of and in payment for a loan made by Anna to him of some $700 at the time the business was originally *41 started in 1939. It was this 25 per cent interest in the corporation that Anna transferred to the new partnership and this, we think, constituted a substantial capital contribution on her part. It can hardly be said, in the circumstances here present, that the taxpayer was shifting his property for the purpose of reducing his income taxes while at the same time remaining in control of that property. Moreover, after the formation of the partnership, petitioner and Friedman continued to draw their salaries of $100 per week for managing the business, the same sum they drew when the business was operated in corporate form. This arrangement prevented what might be regarded as income from personal services from going to the wives. The facts in this case distinguish it from , and , and bring it within the scope of , and . It is our conclusion, after a careful consideration of the entire record, that there existed during the taxable year a valid partnership of which Anna held a 25 per cent *42 interest. It follows that the Commissioner erred in including in petitioner's income his wife's distributive share of the partnership profits. Decision will be entered under Rule 50.